UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS NAVARRO,

    Petitioner,

v.

                                          Case No.  8:11-cv-1152-T-24 MAP
                                                         8:06-cr-178-T-24 MAP

UNITED STATES OF AMERICA.

    Respondent.
_____/

## **ORDER**

This cause comes before the Court on Petitioner Carlos Navarro's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Civ. Doc. No. 1; Cr. Doc. No. 42).  Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C. § 2255(b).

**I.**    **Background**

On May 9, 2006, an information was filed charging Petitioner with being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). (Cr. Doc. No. 10).  The information listed Petitioner's prior felonies, including delivery of cocaine and two counts of trafficking in cocaine.  Id.  Petitioner pled guilty pursuant to a plea agreement and was sentenced as an Armed Career Criminal to 188 months imprisonment on September 26, 2006, followed by sixty months of supervised release.  (Cr. Doc. No. 30). Petitioner did not appeal his conviction and sentence.  He filed a Writ of Error Audita Querela on July 8, 2010, claiming that he was incorrectly sentenced as an Armed Career Criminal because

he only had one qualifying felony instead of the three required under 18 U.S.C. § 924(e). (Cr. Doc. No. 34). This Court found Petitioner's argument to have no merit, as the three qualifying felonies were detailed in both the Information and the Pre-sentence Investigation Report ("PSI"), which Petitioner did not challenge. On May 24, 2011, Petitioner filed the instant § 2255 motion. (Civ. Doc. No. 1).

## II.   Discussion

### A.   Timeliness of § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

(1)   the date on which the judgment of conviction becomes final;
(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Because Petitioner did not appeal his conviction, his conviction became final when the time for filing an appeal expired. Akins v. U.S., 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). At the time Petitioner was sentenced, the deadline for filing a direct appeal was ten days after the entry of the judgment of conviction. Fed. R. App. P. 4(b)(1)(A)(i) (2006). Petitioner's judgment of conviction was entered on September 26, 2006; therefore, Petitioner's conviction became final

on October 11, 2006.  (Cr. Doc. No. 30).  Accordingly, pursuant to § 2255(f)(1), Petitioner was required to file his § 2255 motion by October 11, 2007 in order for it to be timely filed.  As such, Petitioner's § 2255 motion, filed on May 24, 2011, is untimely.

Petitioner claims that his motion is timely under § 2255(f)(3), which permits a prisoner to file a § 2255 motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review."  Petitioner argues that the Supreme Court in U.S. v. O'Brien, 130 S. Ct. 2169 (2010), issued a retroactive decision that recognized for the first time the right upon which his motion is based.  Since O'Brien was decided on May 24, 2010, Petitioner apparently contends that he had until May 24, 2011 to timely file his § 2255 motion.

Like two other district courts within the Eleventh Circuit, this Court does not hold, nor has Petitioner provided any authority, that O'Brien applies retroactively.  See United States v. Smith, 1:90-CR-01036-MP-GRJ, 2011 WL 2006342 (N.D. Fla. May 23, 2011); Oharo v. Wells, CV 310-086, 2010 WL 5625387 (S.D. Ga. Dec. 8, 2010) report and recommendation adopted, CV 310-086, 2011 WL 201688 (S.D. Ga. Jan. 19, 2011).  A new rule is not "made retroactive to cases on collateral review" unless the Supreme Court holds it to be retroactive.  Tyler v. Cain, 533 U.S. 656, 663 (2001).  However, even if O'Brien was held to apply retroactively, Petitioner's § 2255 motion would fail on the merits.

B. Merits of the § 2255 Motion

Petitioner makes three arguments for relief in his motion.  First, he references O'Brien. Next, he maintains that he is actually innocent of the 188 month sentence.  Finally, he claims that

3

the statutory maximum sentence for an Armed Career Criminal is ten years, and therefore, his sentence exceeds the maximum by sixty-eight months. Petitioner's arguments are without merit.

In O'Brien, the Supreme Court held that, for purposes of mandatory minimum sentencing under 18 U.S.C. § 924(c)(1)(B)(ii), the use of a machine gun in a crime is an element to be proved to a jury beyond a reasonable doubt, not a sentencing factor to be proved to the judge at sentencing. 130 S. Ct. at 2180. The only possible relevance that the O'Brien holding bears to the instant case is whether Petitioner's previous qualifying felonies for his Armed Career Criminal enhancement were proved to a jury beyond a reasonable doubt. However, Petitioner does not provide this Court with any authority extending O'Brien's holding to the facts of this case. Moreover, in the order denying Petitioner's Writ of Error Audita Querela, this Court found that Petitioner's three prior drug felonies were sufficient to support the Armed Career Criminal enhancement that Petitioner received. (Cr. Doc. No. 35). The Court held that "if a defendant does not challenge facts contained in a PSI Report, he waives the right to object to them later." Id. (citing U.S. v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006)). Petitioner's three qualifying drug felonies were outlined in his PSI Report, which Petitioner did not challenge.

Petitioner next claims that "he is actually innocent of 188 months sentence." As best the Court can tell, Petitioner argues that he is actually innocent of being an Armed Career Criminal offender. However, as the Court found in its order denying Petitioner's Writ of Error Audita Querela, Petitioner's prior three drug convictions were sufficient qualifying offenses for his Armed Career Criminal status. Accordingly, Petitioner's claim of actual innocence must fail.

Finally, Petitioner claims that the maximum sentence for an Armed Career Criminal is ten years, and that his sentence exceeds the maximum by sixty-eight months. Petitioner

apparently relies on 18 U.S.C. § 924(a)(2), which states, "[w]hoever knowingly violates subsection . . . (g), . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." This is the maximum sentence for a defendant charged with a violation of 18 U.S.C. § 922(g) who is not an Armed Career Criminal. Petitioner ignores § 924(e), which prescribes a fifteen-year mandatory minimum sentence for Armed Career Criminals, "notwithstanding any other provision of law" and a maximum sentence of life. Pursuant to § 924(e), Petitioner's qualifying prior drug convictions subject him to a mandatory minimum sentence of 15 years and a maximum sentence of life. Petitioner's argument that his sentence exceeds the maximum sentence for an Armed Career Criminal is without merit.

### III.     Conclusion

Accordingly, Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Civ. Doc. No. 1) is DENIED as time-barred. The Clerk is directed to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of June, 2011.

### *CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED*

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of June, 2011.

Copies to:
Counsel of Record
Petitioner Navarro

SUSAN C. BUCKLEW
United States District Judge